IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY HETRICK, | ) | CASE NO. 4:11 CV 2587 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Mary Hetrick, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Hetrick had a severe impairment consisting of reflex sympathetic dystrophy ("RSD").[1] The ALJ made the following finding regarding Hetrick's residual functional capacity:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with some exceptions. More specifically, during the relevant time period prior to the claimant's date last insured of December 31, 2007, the claimant could: lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds;

---

[1] Transcript ("Tr.") at 12.

occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch and crawl; and frequently handle and finger objects with her left hand.[2]

Based on that residual functional capacity, the ALJ found Hetrick capable of her past relevant work as cashier and food server[3] and, therefore, not under a disability.[4]

Hetrick asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Hetrick presents two issues for decision:

- Did the ALJ properly evaluate and incorporate limitations in the residual functional capacity finding for Hetrick's fibromyalgia impairment?

- Is the limitation to frequent handling and fingering objects with the left hand in the residual functional capacity finding supported by substantial evidence?

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**1.  Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[2] *Id.* at 14.

[3] *Id.* at 17.

[4] *Id.*

>	Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
>	The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**2.      Substantial evidence supports the residual functional capacity finding.**

As presented for judicial review, this is primarily a fibromyalgia case. The ALJ did not find fibromyalgia a severe impairment.[8] He did, however, limit her to light work with additional postural limitations.[9]

This is a disability insurance benefits application only with an onset date of January 1, 2004,[10] and a date last insured of December 31, 2007.[11] Hetrick's fibromyalgia was diagnosed during this relevant period,[12] and she received some treatment for fibromyalgia in that time frame.[13]

Hetrick's treating physician for purposes of fibromyalgia was Anthony Lanier, D.O. Dr. Lanier, an internist, found multiple tender points in the upper and lower extremities but did not document the number or location.[14] He recommended a consultation with a rheumatologist, which Hetrick declined.[15]

---

[8] Tr. at 12.

[9] *Id.* at 14.

[10] *Id.* at 10.

[11] *Id.* at 287.

[12] *Id.*

[13] *Id.* at 287, 317, 318

[14] *Id.* at 287. *But see*, Tr. at 318 (several locations generally described but number not documented).

[15] *Id.* at 287.

In August of 2010, Dr. Lanier prepared a residual functional capacity evaluation.[16] Dr. Lanier's treatment notes showed that he last saw Hetrick in May of 2009.[17] Dr. Lanier opined that Hetrick had a less than sedentary RFC, rarely or never engaged in fine manipulation, and can only occasionally do gross manipulation.[18] He did not indicate which hand was affected.[19] Hetrick is right hand dominant.[20]

The ALJ recognized Dr. Lanier as a treating source but gave his opinion no weight.[21] He gave as his reasons remoteness from the relevant time period and Dr. Lanier's lack of speciality regarding fibromyalgia.[22]

Under the applicable case law set forth in the *Rogers v. Commissioner of Social Security*[23] and *Swain v. Commissioner of Social Security*[24] cases, because of the nature of fibromyalgia, a treating physician's opinion regarding limitations from that impairment must

---

[16] *Id.* at 396-400.

[17] *Id.* at 314. The last substantive treatment note indicating an examining during an office visit is dated September 26, 2008. Tr. at 277. That note makes no reference to pain, tender point analysis, or fibromyalgia.

[18] *Id.* at 396-97.

[19] *Id.* at 397.

[20] *Id.* at 301.

[21] *Id.* at 17.

[22] *Id.*

[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007).

[24] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986 (N.D. Ohio 2003).

be given controlling weight if documented appropriate to the impairment because fibromyalgia cannot be established through traditional, objective medical techniques.[25] Appropriate documentation at its best includes thorough trigger point analysis with notation of the number and location of tender points performed by a rheumatologist who has a treating relationship with the patient.[26]

Dr. Lanier falls short of this standard in several respects. First, he is not a rheumatologist as noted by the ALJ.[27] Second, his trigger point analysis is incomplete for lack of documentation of location and number of tender points. It cannot, therefore, qualify for controlling weight.[28]

As the ALJ properly pointed out,[29] this opinion from Dr. Lanier came in 2010, over one year after his last documented treatment of Hetrick and three and one-half years after the expiration of the relevant period.[30] As such, there is a basis in substantial evidence for the ALJ's decision to give no weight to that opinion for the relevant time period.

---

[25] *Rogers*, 486 F.3d at 244-45; *Swain*, 297 F. Supp. 2d at 993-94.

[26] *Id.*

[27] Tr. at 17.

[28] *E.g.*, *Dalzell v. Comm'r of Soc. Sec.*, No. 1:06 CV 577, Memorandum Opinion and Order (ECF # 25) at 4-7 (N.D. Ohio Jan. 8, 2007).

[29] Tr. at 17.

[30] *Id.* at 314, 396-97.

As the ALJ recognized, Hetrick did have RSD in her left arm that caused impairments. There is no opinion, however, that this impairment resulted in an occasional limitation in gross manipulation and fine manipulation in the relevant period. Hetrick's treating physician for this impairment during the relevant time period was Mark Peckham, D.O. His treatment notes show that Hetrick's RSD was responding to injection and medication treatment,[31] that she denied cervical discomfort and an underlying radicular component to the contralateral extremity,[32] that examination showed good finger-to-finger manual dexterity,[33] and an EMG and nerve conduction study at the time showed normal results.[34] This constitutes substantial evidence in support of a frequent as opposed to occasional limitation.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Hetrick had no disability. Accordingly, the decision of the Commissioner denying Hetrick disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: February 5, 2013                                      s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge

---

[31] *Id.* at 214.

[32] *Id.* at 222.

[33] *Id.* at 223.

[34] *Id.* at 225.